IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SERGIO VALDIVIESO, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | C.A. No. 4:21-cv-02214 |
| SOUTHERN CAT, INC., et al., | § | |
|     Defendants. | § | |

**EMERGENCY RESPONSE GROUP, LLC'S EMERGENCY MOTION TO COMPEL PRODUCTION FROM SWS, AND MOTION FOR SANCTIONS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Subject to and without waiving its Motion to Dismiss for Lack of Personal Jurisdiction and its Motion to Transfer Venue, Defendant Emergency Response Group, LLC ("ERG") files this Emergency Motion to Compel SWS Environmental Services ("SWS") to respond to ERG's written discovery requests, and Motion for Sanctions.

**I.
INTRODUCTION: RECENT FILINGS AND DISCOVERY**

1.  On August 8, 2021, the parties filed their proposed Joint Discovery and Case Management Plan ("JDCMP"). The parties agreed to exchange initial disclosures by August 31, 2021.[1]

---

[1] Dkt. 29.

2. The parties participated in a scheduling conference before Magistrate Judge Peter Bray on August 12, 2021, and this Honorable Court entered its Scheduling Order on the same date.[2] The Scheduling Order set deadlines including Plaintiff's expert designations by September 30, 2021, Defendants' expert designations by October 29, 2021, expert reports 60 days after designation, and a discovery cut-off of January 31, 2022.[3]

3. Plaintiff and ERG timely exchanged Initial Disclosures by August 31, 2021. SWS ignored this agreed deadline.[4]

4. On September 21, 2021, this Honorable Court granted Plaintiff's Motion for Leave to File an Amended Complaint.[5]

5. SWS served its initial disclosures by certified mail on October 1, 2021, 31 days after the agreed deadline.[6]

6. On October 5, 2021, ERG Answered Plaintiff's Second Amended Complaint,[7] which was the answer deadline pursuant to FED. R. CIV. P. 15(a)(3) because Plaintiff's Second Amended Complaint was entered and electronically served on September 21, 2021.

---

[2] Dkt. 33.
[3] Dkt. 33.
[4] Exhibit A, Affidavit of Allen D. Hemphill, para. 3.
[5] Dkt. 54.
[6] Exhibit A, Affidavit of Allen D. Hemphill, para. 3.
[7] Dkt. 61.

7. On October 8, 2021, ERG served Requests for Production on Southern Cat, Inc. ("SoCat") and SWS.[8] These documents were served by certified mail, return receipt requested, pursuant to FED. R. CIV. P. 5(b)(2)(C). The answers to these requests were due on November 10, 2021 pursuant to FED. R. CIV. P. 34(b)(2)(A) and including an additional three days under FED. R. CIV. P. 6(d). ERG propounded additional written discovery on SoCat and SWS on October 26, 2021.[9]

8. SWS filed its Answer to Plaintiff's Second Amended Complaint eight days after it was due, on October 13, 2021.[10]

9. ERG did not receive the responses to its First Requests for Production that were due from SoCat and SWS on November 10, 2021.

10. On November 16, 2021, after waiting for delivery by United States mail that did not arrive, counsel for ERG wrote counsel for SoCat and SWS, attaching a draft Motion to Compel.[11]

---

[8] Exhibit A, Affidavit of Allen D. Hemphill, para. 4 and Exhibit B, ERG's First Requests for Production to SWS.

[9] Exhibit A, Affidavit of Allen D. Hemphill, para. 5 and Exhibit C, ERG's Second Requests for Production to SWS.

[10] Dkt. 64.

[11] Exhibit A, Affidavit of Allen D. Hemphill, para. 6 and Exhibit D.

11.   Counsel for SoCat thereafter agreed to and did provide documents on November 23, 2021. This Emergency Motion to Compel does not seek relief from SoCat.

12.   On November 16, 2021, about 2 hours after ERG's request for the responses due six days before, counsel for SWS sent an email stating that "SWS is no longer in business and there are no responsive documents to produce that we have been able to identify." Attached to this email were responses that asserted boilerplate objections, offered no documentary production, offered no withholding statements, and asserted that "SWS is no longer in business."[12]

13.   Counsel for ERG and SWS exchanged additional correspondence and phone calls in an effort to avoid recourse to this Honorable Court. On November 18, 2021, ERG proposed that the Motion to Compel could be avoided if SWS would agree to provide responses consistent with the Rules by December 1, 2021. To avoid confusion, ERG spelled out its understanding of what is required under the Rules, including a diligent search and withholding statements. SWS responded, on the same day, "[w]e can agree to those terms."[13]

---

[12] Exhibit A, Affidavit of Allen D. Hemphill, para. 7 and Exhibit E.
[13] Exhibit A, Affidavit of Allen D. Hemphill, para. 8 and Exhibit F.

4

14. As previously, SWS ignored the deadline established by the Rules and ignored the deadline to which it agreed. Because ERG requested electronic service of the responses due on December 1, 2021, ERG sent a follow-up email the next day. SWS responded that it did not complete the task, requesting an additional two weeks to respond.[14]

15. ERG contends that an additional two weeks for the first production responses by SWS is not workable under the present deadlines. ERG respectfully requests that SWS be compelled to properly respond because SWS has twice failed to respond to ERG's discovery requests and has established a pattern of not following case management deadlines.

## II.
### ARGUMENT AND AUTHORITIES

16. ERG made its best effort to abide by the Rules and the deadlines established by this Honorable Court. Those deadlines include the provision of expert reports by December 28, 2021. Although this case was filed long ago, MDL procedures and a lengthy appellate process following a dismissal of Plaintiff's claims resulted in essentially no discovery. ERG will not be able to meet this Honorable Court's deadlines if SWS continues to ignore deadlines.

---

[14] Exhibit A, Affidavit of Allen D. Hemphill, para. 9 and Exhibit G.

17. Before SWS elected to completely ignore the responses to ERG's First and Second Requests for Production, SWS ignored the agreed deadline for the exchange of disclosures and the answer deadline established under the Rules.

18. As a general rule, the failure to timely object to requests for production waives objections. *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989); *RE/Max Int'l, Inc. v. Trendsetter Realty, LLC*, No. H-07-2426, 2008 U.S. Dist. LEXIS 38101, at *14 (S.D. Tex. 2008). Courts have held that Rule 33's waiver and good cause provisions are implicitly incorporated into Rule 34, while other courts have recognized that it remains in the court's discretion not to compel discovery even if objections are untimely. *RE/Max*, 2008 U.S. Dist. LEXIS 38101, at * 16-18. Evasive or incomplete responses are treated as a failure to respond. FED. R. CIV. P. 37(a)(4).

19. Here, SWS ignored the deadline to respond to ERG's First Requests for Production, provided a document captioned as a response with evasive and incomplete responses several days after the due date, produced no documents, provided boilerplate objections without withholding statements, promised production of undefined documents "if any" on an unspecified future date, subsequently agreed to a later deadline to provide appropriate responses under the Rules, explicitly agreed to seek this Honorable Court's

6

protection if it could not meet its agreed discovery obligation, and then ignored the new deadline without any pretext of abiding by its agreement.

20. ERG respectfully requests that this Honorable Court order SWS to provide complete responses to ERG's First Requests for Production and Second Requests for Production pursuant to FED. R. CIV. P. 37(a)(3)(B)(iv), without objections, on a timetable the Court deems appropriate in view of the pending deadlines.

21. FED. R. CIV. P. 37(a)(3)(A) permits the imposition of appropriate sanctions in connection with a Motion to Compel. ERG submits that sanctions are appropriate here, where SWS willfully ignored discovery deadlines, including the deadlines established under the Rules and a subsequent deadline established by its own agreement. As an appropriate sanction, ERG submits that SWS should be ordered to pay the costs incurred in connection with ERG's emergency effort to seek compliance by SWS. The costs incurred through preparation of this motion were $3,415[15]. As ERG is no longer in business, it is requested that SWS be ordered to pay this sum to ERG's attorneys within 14 days of the Court's order.

### III.
### PRAYER

---

[15] Exhibit A, Affidavit of Allen D. Hemphill, para. 10.

WHEREFORE, PREMISES CONSIDERED, without waiving its Motion to Dismiss for Lack of Personal Jurisdiction and its Motion to Transfer Venue, Emergency Response Group, LLC respectfully prays (1) that the Court order SWS to fully respond to ERG's First Requests for Production and Second Requests for Production, without objections, by an appropriate date set by the Court; (2) that, because ERG is no longer in business, the Court order SWS to pay ERG's attorneys $3,415, the cost of preparing this emergency motion, within 14 days of the Court's order; and (3) that the Court order ERG to have such other and further relief, both general and special, at law, in equity, or in admiralty, to which ERG may be justly entitled.

Respectfully submitted,

**BROWN SIMS**

By: /s/ Allen D. Hemphill
Allen D. Hemphill
Attorney-in-Charge
Texas Bar No. 00796740
S.D. Bar No. 35337
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Tel: (713) 629-1580
Fax: (713) 629-5027
ahemphill@brownsims.com

**ATTORNEY FOR DEFENDANT EMERGENCY RESPONSE GROUP, LLC**

8

Of Counsel:
BROWN SIMS
Michael A. Varner
Texas Bar No. 20499425
S.D. Bar No. 15111
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Tel: (713) 629-1580
Fax: (713) 629-5027
mvarner@brownsims.com

## CERTIFICATE OF CONFERENCE

I certify, in accordance with FED. R. CIV. P. 37(a)(1) and the Local Rules, that I attempted to resolve this dispute with counsel for SWS. Efforts in this regard began on November 16, when counsel for ERG contacted counsel for SWS when it became clear that SWS did not meet the deadline for responses to ERG's First Requests for Production. Counsel for ERG believed this issue was resolved by agreement of the parties to provide proper responses by December 1, 2021. When that new deadline was ignored, counsel for ERG contacted counsel for SWS by email and by phone on December 2, 2021. Counsel for ERG advised that it required complete responses immediately or would be forced to move to compel. Counsel for SWS indicated it was not prepared to produce documents, and SWS is accordingly considered opposed to this Motion.

_____
Allen D. Hemphill

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties of record *via* CM/ECF filing on December 10, 2021.

_____
Allen D. Hemphill